# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1866WM

_____

| | | |
|---|---|---|
| Debra Brewington, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court for |
| | * | the Western District |
| City of Lone Jack, Missouri; Jeffrey | * | of Missouri. |
| Jewell, in his official and individual | * | |
| capacity; Derrick Ross, in his official | * | [Not To Be Published] |
| and individual capacity; and Steve | * | |
| King, in his official and individual | * | |
| capacity, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 19, 2003
Filed: December 15, 2003

_____

Before MELLOY, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Debra Brewington appeals the District Court's[1] grant of summary judgment for the defendants on sexual-harassment and constructive-discharge claims she filed

_____

[1]The Hon. Gary A. Fenner, United States District Judge for the Western District of Missouri.

pursuant to 42 U.S.C. § 1983. Summary judgment is proper when no genuine issues as to any material fact exist. Fed. R. Civ. P. 56(c). All evidence and inferences are to be viewed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). After reviewing the record de novo, see Uhiren v. Bristol-Myers Squibb Co., 346 F.3d 824, 827 (8th Cir. 2003), we conclude that summary judgment was proper because the defendants' statements were not so severe or pervasive as to affect a term, condition, or privilege of Ms. Brewington's employment.

After working as a clerk for the City of Lone Jack, Missouri, for approximately four years, Ms. Brewington resigned in May 2000. She asserts that throughout her employment with the City of Lone Jack, police chief Jeffrey Jewell and officers Steven Berry and Derrick Ross made lewd and offensive statements about women in her presence on a daily basis. Though no statements were ever directed at Ms. Brewington personally, she alleges that these statements amounted to sexual harassment in the form of a hostile work environment.

To establish a hostile-work-environment sexual-harassment claim, Ms. Brewington must prove (1) she belongs to a protected group; (2) she was sexually harassed; (3) the conduct was based on her gender;[2] (4) the conduct was unwelcome; and (5) the harassment affected a term, condition, or privilege of her employment. Moring v. Ark. Dep't of Corr., 243 F.3d 452, 455 (8th Cir. 2001). To determine if the conduct affected a term, condition, or privilege of employment, this Court applies both an objective and subjective test, examining whether the conduct created "an environment that a reasonable person would find hostile and one that the victim actually perceived as abusive." Duncan v. General Motors, 300 F.3d 928, 934 (8th Cir. 2002). The conduct must be "sufficiently severe or pervasive to alter the

_____

[2]Because Ms. Brewington did not prove that the conduct was severe or pervasive, we do not reach the issue of whether the conduct was based on gender.

-2-

conditions of the victim's employment and create an abusive working environment." Howard v. Burns Bros., Inc., 149 F.3d 835, 840 (8th Cir. 1998), quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). "Relevant factors for determining whether conduct rises to the level of abusiveness include 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Ottman v. City of Independence, Mo., 341 F.3d 751, 760 (8th Cir. 2003), quoting Harris, 510 U.S. at 23.

The defendants' statements do "not constitute 'discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [Ms. Brewington's] employment and create an abusive working environment.' " Ottman, 341 F.3d at 760, citing Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998), quoting Harris, 510 U.S. at 21. Though the statements were offensive, this Court has rejected hostile-work-environment claims premised upon facts more egregious than the conduct at issue here. E.g., Duncan v. General Motors, supra. Therefore, we affirm the grant of summary judgment.

_____